# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**JEANETTE LYNN PERSON,**

      **Plaintiff,**                                    Civil Action No. 17-cv-13899

      v.                                          District Judge Arthur J. Tarnow

**COMMISSIONER OF**                     Magistrate Judge Mona K. Majzoub
**SOCIAL SECURITY,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Jeanette Lynn Person seeks judicial review under 42 U.S.C. § 405(g) of Defendant Commissioner of Social Security's determination that she is not entitled to benefits under the Social Security Act. (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 11) and Defendant's Motion for Summary Judgment (docket no. 13). This matter has been referred to the undersigned for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 3.) Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

**I.   RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 11) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 13) be **GRANTED**, and that the case be dismissed in its entirety.

## II.   PROCEDURAL HISTORY

On March 6, 2015, Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging that she has been disabled since October 29, 2013. (TR 18.) The Social Security Administration initially denied Plaintiff's claims on June 22, 2015. (*Id.*) On November 3, 2016, Plaintiff appeared with a representative and testified at a hearing before Administrative Law Judge ("ALJ") Crystal L. White-Simmons. (TR 32–62.) On January 30, 2017, the ALJ issued an unfavorable decision on Plaintiff's claims. (TR 15–27.) Plaintiff requested a review of the ALJ's decision with the Appeals Council, which was denied on November 14, 2017. (TR 1–3.) On December 4, 2017, Plaintiff commenced this action for judicial review, and the parties filed cross motions for summary judgment, which are currently before the Court. (Docket no. 11; docket no. 13.)

## III.  HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff sets forth a brief procedural history of this matter as well as a short summary of her medical issues. (Docket no. 11, pp. 8–14.) In addition, the ALJ summarized Plaintiff's medical record (TR 20–26), and Defendant adopted the ALJ's recitation of the facts (docket no. 13, p. 4). Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also refer to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV.   ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ determined that Plaintiff met the insured-status requirements of the Social Security Act through December 31, 2016, and that she did not engage in substantial gainful activity

since October 29, 2013, the alleged onset date. (TR 20.) The ALJ found that Plaintiff had the following severe impairments: "bipolar disorder, anxiety disorder, and schizoaffective disorder." (*Id.*) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (TR 22.)

The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform a full range of work at all exertion levels, with the following non-exertional limitations:

- Work is limited to simple, routine, and repetitive tasks in a low stress environment, defined as having only occasionally [*sic*] decision making required and occasional changes in the work setting;

- [Plaintiff] is limited to occasional interaction with the public and coworkers;

- [Plaintiff] should not work at unprotected heights; and

- There should be no work at a production rate or pace.

(TR 23–26.) Based on this determination, the ALJ posed a hypothetical to the Vocational Expert ("VE"), who testified that a person with Plaintiff's RFC could perform the requirements of representative occupations including cleaner, (DOT Code 381.687-018), floor cleaner (DOT Code 389. 683-010), and laundry worker 1 (DOT Code 361.684-014). (TR 26–27.) Accordingly, the ALJ concluded that Plaintiff was not disabled from October 29, 2013 through the date of the decision. (TR 27.)

**V.    LAW AND ANALYSIS**

    **A.    Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d

525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

     **B.**    **Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) Plaintiff was not presently engaged in substantial gainful employment; and

  (2)  Plaintiff suffered from a severe impairment; and

  (3)  the impairment met or was medically equal to a "listed impairment;" or

  (4)  Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id.* (citations omitted).

  **C.** **Analysis**

  Plaintiff raises four objections to the ALJ's decision. (Docket no. 11.) First, Plaintiff contends that the ALJ failed to properly address her mental RFC. (*Id*. at 15–19.) Second, Plaintiff alleges that the ALJ improperly concluded that her statements regarding the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence of record. (*Id.* at 19–21.) Third, Plaintiff argues that the ALJ failed to give proper weight to the third-party function report of Plaintiff's friend. (*Id.* at 21–24.) Fourth, Plaintiff asserts that the ALJ failed to pose an accurate hypothetical to the VE. (*Id.* at 24–27.) The undersigned will address these arguments in turn below.

*1. Mental RFC*

Plaintiff contends that the ALJ failed to address her mental limitations according to 20 C.F.R. 404.1520a, which according to Plaintiff led to the erroneous determination that she had the capacity to perform simple, routine and repetitive tasks in a low-stress environment. (Docket no. 11, pp. 15–19.) In support, Plaintiff emphasizes consultative examiner Dr. Terry Rudolph's findings that: (1) Plaintiff was not able to perform "serial sevens," (2) Plaintiff's "fund of general information was somewhat constricted," (3) Plaintiff "was unable to interpret proverbs and her reasoning was literal and concrete," and that "[a]s a result, [Plaintiff's] formal judgment was impaired." (*Id.* at 16.)

The ALJ gave "great weight" to Dr. Rudolph's assessment, reasoning that it was "consistent with the objective medical evidence of record which documents abnormal mental status examination, difficulty with calculational tasks, and impaired judgment." (TR 24.)

Plaintiff argues that the ALJ failed to accurately incorporate Dr. Rudolph's observations, and that the decision "lacks a logical bridge from the reports, notes and records to the conclusion that plaintiff had the ability to perform simple, routine and repetitive tasks." (Docket no. 11, pp. 16–17.) For the reasons set forth below, Plaintiff's argument lacks merit.

In her decision, the ALJ observed that Plaintiff had "a history of mental impairments including schizoaffective disorder, anxiety, and bipolar disorder," but that "the record documents largely normal findings, including appropriate mood and affect" as well as "improvement in [Plaintiff's] condition" with medication. (TR 23–24.) The ALJ also cited the report of state-agency reviewing psychologist Dr. Kathy A. Morrow, who opined that "simple, unskilled work is not precluded." (TR 70.) Accordingly, the ALJ determined that Plaintiff had the ability to perform

"simple, routine, and repetitive tasks in a low stress environment," with only "occasional interaction with the public and coworkers" and "no work at a production rate or pace." (TR 23.)

Contrary to Plaintiff's assertion, nothing in Dr. Rudolph's report mandates a more restrictive RFC. As described above, Dr. Rudolph noted that Plaintiff's "fund of general information was somewhat constricted," that Plaintiff's "reasoning was literal and concrete," and that Plaintiff's "formal judgment was impaired." (TR 351.) Such vague findings cannot be rigorously translated into the type of functional limitations that comprise the RFC.

To the extent that Plaintiff's motion implies that the ALJ must supply affirmative evidence to support the absence of limitations (*see, e.g.*, docket no. 11, pp. 16–17 (contending that the ALJ failed to address various areas of functioning)), that argument misapprehends the Social Security framework. The burden of proof lies with the claimant at steps one through four of the process. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999). Thus, lacking any evidence to the contrary, the ALJ has no duty to explain why the Plaintiff can perform the functions not precluded by the RFC.

### 2. *Credibility Determination*

During the hearing on November 3, 2016, Plaintiff testified that she was not able to work due to racing thoughts and hallucinations of her deceased son. (TR 43–46.) The ALJ determined that "[Plaintiff's] statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (TR 24.) Plaintiff contends that the ALJ's credibility determination is not supported by substantial evidence. (Docket no. 11, pp. 19–21.)

Plaintiff submits that in January of 2016, despite the improvements in her conditions with medication, she still had auditory hallucinations and was being treated by Pasha Streeter, ANP-

7

BC. (TR 372–78.) Plaintiff emphasizes Nurse Streeter's October 2016 opinion that she had "uncontrollable thoughts more than 50% of the time, [demonstrated] suicidal thinking without a plan, [was] easily distracted [and] easily agitated, [and had] poor social skills" and that as a result Plaintiff was "disabled from all work." (TR 384.)

The ALJ gave only little weight to this opinion because it was "inconsistent with the objective medical evidence of record, which documents normal mental status examination findings and stabilized symptoms." (TR 25.) In support, the ALJ referred to Nurse Streeter's own records, which documented that in January 2016 Plaintiff reported that "she [was] doing well w/ treatment," displayed a cooperative attitude, normal mood, normal affect, normal speech, normal thought processes and content, normal attention, and adequate impulse control and judgment. (TR 372–79.) After that visit, Nurse Streeter described Plaintiff as "stable" and recommended that she "continue meds as directed." (*Id.*)

Accordingly, substantial evidence supports the ALJ's determination that "[Plaintiff's] statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (TR 24.)

### 3. Third-Party Report

Plaintiff asserts that the ALJ failed to give proper weight to the third-party function report of her friend Patricia Currie-Schumake. (Docket no. 11, pp. 21–24.)

In the third-party function report, Ms. Currie-Schumake stated that Plaintiff seemed confused and depressed, and that she needed reminders to finish tasks and take her medication. (TR 202–09.) The ALJ determined that Ms. Currie-Schumake's statement "does not establish disability in [Plaintiff] because Ms. Currie-Schumake is not medically trained to make exacting observations as to dates, frequencies, types and degrees of medical signs and symptoms, or the

frequency or intensity of unusual moods or mannerisms." (TR 25.) The ALJ "afforded greater weight to the opinions and observations of [Plaintiff's] medical providers." (*Id*.)

In evaluating an opinion from a nonmedical source, the ALJ is permitted to consider the factors generally applicable to "opinion evidence," although not every factor for weighing opinion evidence will apply in every case. 20 CFR 404.1527(f). The ALJ should explain the weight given to opinions from these sources "when such opinions may have an effect on the outcome of the case." *Id.*

In this case, the ALJ determined that Ms. Currie-Schumake's report conflicted with evidence from acceptable medical sources, and credited those medical sources over Ms. Currie-Schumake's lay opinion. (TR 25.) In a case involving complex mental impairments, that determination is eminently reasonable. Accordingly, substantial evidence supports the ALJ's analysis of Ms. Currie-Schumake's report.

### 4. *VE Hypothetical*

Plaintiff asserts that the ALJ's hypothetical to the VE should have included a limitation reflecting the ALJ's determination that Plaintiff had moderate limitations in the areas of concentration, persistence, and maintaining pace. (Docket no. 11, pp. 25–26.) In support, Plaintiff cites three cases in which courts determined that a limitation to "simple, routine, unskilled work" failed to fully accommodate a claimant's moderately limited abilities to concentrate, persist and keep pace. (*Id.*)

Plaintiff's argument relies on a flawed premise, however, because both the RFC and the VE hypothetical contain limitations based on concentration, persistence and/or pace. The RFC limits Plaintiff to work "in a low stress environment" that is not "at a production rate or pace."

9

(TR 23.) Likewise, the ALJ asked the VE to assume that the hypothetical individual was limited to work "in a low stress environment" that was not "at production rate or pace." (TR 60–61.)

Accordingly, substantial evidence supports the ALJ's hypothetical to the VE.

## VI.   CONCLUSION

For the reasons stated herein, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 11) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 13) be **GRANTED**, and that the case be dismissed in its entirety.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response will be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response will address specifically, and in the same order raised, each issue contained within the objections.

Dated: November 6, 2018          s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: November 6, 2018          s/ Leanne Hosking
                                 Case Manager