UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JEANETTE LYNN PERSON, | Case No. 17-13899 |
| Plaintiff, | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| COMMISSIONER OF SOCIAL SECURITY, | U.S. MAGISTRATE JUDGE |
| | MONA K. MAZJOUB |
| Defendant. | |

**ORDER ADOPTING REPORT AND RECOMMENDATION [14], OVERRULING PLAINTIFF'S OBJECTION [15], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13]**

Plaintiff, Jeanette Lynn Person, has sought judicial review of an Administrative Law Judge (ALJ) decision denying her application for disability benefits. On November 6, 2018, Magistrate Judge Mona K. Majzoub issued her Report and Recommendation (R&R) [14], recommending that the Court deny Ms. Person's Motion for Summary Judgment [11] and grant the Commissioner of Social Security's Motion for Summary Judgment [13]. Ms. Person filed Objections on November 19, 2018 [15], and the Commissioner filed a Response on November 26, 2018 [18].

**FACTUAL BACKGROUND**

Ms. Person was born on August 10, 1958 and is 60 years old. (Tr. 36). Though she had for several years held a security guard job for the Detroit Public Schools

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JEANETTE LYNN PERSON, | Case No. 17-13899 |
| Plaintiff, | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| COMMISSIONER OF SOCIAL SECURITY, | U.S. MAGISTRATE JUDGE |
| | MONA K. MAZJOUB |
| Defendant. | |

**ORDER ADOPTING REPORT AND RECOMMENDATION [14], OVERRULING PLAINTIFF'S OBJECTION [15], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13]**

Plaintiff, Jeanette Lynn Person, has sought judicial review of an Administrative Law Judge (ALJ) decision denying her application for disability benefits. On November 6, 2018, Magistrate Judge Mona K. Majzoub issued her Report and Recommendation (R&R) [14], recommending that the Court deny Ms. Person's Motion for Summary Judgment [11] and grant the Commissioner of Social Security's Motion for Summary Judgment [13]. Ms. Person filed Objections on November 19, 2018 [15], and the Commissioner filed a Response on November 26, 2018 [18].

**FACTUAL BACKGROUND**

Ms. Person was born on August 10, 1958 and is 60 years old. (Tr. 36). Though she had for several years held a security guard job for the Detroit Public Schools

Community District, she lost that job in 2010. (Tr. 210). A new security guard position at Prudential Financial did not work out, and she left in March of 2013. (Id.).

Ms. Person suffers from a range of psychiatric problems relating to the death of her son on October 29, 2013, including schizophrenia, major depressive disorder, psychosis and hallucinations. (Tr. 36 & 42). Though she has been participating in grief counseling at the Northeast Guidance Center, she remains psychologically tormented by this loss. (Tr. 42). She has testified to being averse to social contact, to have trouble sleeping, and to have trouble performing basic household chores. (Tr. 40-48). She struggles to sleep more than a few hours per night, and she is often too distracted to perform even simple tasks. (Tr. 32-46). She has testified to hallucinating her deceased son every day. (Tr. 46).

## Procedural Background

The R&R outlines the case's procedural history as follows.

"On March 6, 2015, Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging that she has been disabled since October 29, 2013. (TR 18.) The Social Security Administration initially denied Plaintiff's claims on June 22, 2015. (Id.) On November 3, 2016, Plaintiff appeared with a representative and testified at a hearing before Administrative Law Judge ("ALJ") Crystal L. White-Simmons. (TR 32–62.) On January 30, 2017, the ALJ issued an unfavorable decision on Plaintiff's claims. (TR 15–27.) Plaintiff requested a review of the ALJ's decision with the Appeals Council, which was denied on November 14, 2017. (TR 1–3.) On December 4, 2017, Plaintiff commenced this action for judicial review, and the parties filed cross

motions for summary judgment, which are currently before the Court. (Docket no. 11; docket no. 13.)"

(Dkt. #14 pg. 2).

## **STANDARD OF REVIEW**

The Court conducts *de novo* review of objections to a Magistrate Judge's Report and Recommendation on a dispositive motion. 28 U.S.C. § 636(b)(1)(c).

Judicial review of a decision by a Social Security ALJ "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (internal quotation marks omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Heston v. Comm'r of Soc. Sec.,* 245 F.3d 528, 534 (6th Cir. 2001) (internal quotation marks omitted). A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if there is also substantial evidence to support the opposite conclusion. *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007). On the other hand, the substantial evidence standard "does not permit a selective reading of the record," as the reviewing court's assessment of the evidence supporting the ALJ's findings "must take into account whatever in the record fairly detracts from its weight." *McLean v. Comm'r of Soc. Sec.*, 360 F. Supp. 2d 864, 869 (E.D. Mich. 2005) (quoting *Garner v. Heckler,* 745 F.2d 383, 388 (6th Cir. 1984)). Further, "[a]n ALJ's failure to follow agency rules

and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole*, 661 F.3d at 937 (internal quotation marks and citations omitted).

## ANALYSIS

Ms. Person objects to the Magistrate Judge's deference to the ALJ's determination of her mental residual function capacity ("RFC"). The ALJ found that Ms. Person's RFC was as follows,

> "After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations: Work is limited to simple, routine, and repetitive tasks in a low stress environment, defined as having only occasionally decision making required and occasional changes in the work setting. She is limited to occasional interaction with the public and the coworkers. She should not work at unprotected heights. There should be no work at production or pace."

(Tr. 23).

Plaintiff argues that in crafting this RFC the ALJ failed to fully consider the reports of Consultative Examiner Terry Rudolph, Ph.D. and State Agency Psychological Consultant, Kathy A. Morrow, Ph.D.

<u>Dr. Rudolph's Report</u>

Dr. Rudolph diagnosed Ms. Person with Schizoaffective Disorder. (Tr. 351). He recorded her complaints about racing thoughts, trouble sleeping, auditory hallucinations, and the trauma following her son's death. (Id.). His report concluded,

> "Ms. Person was alert, verbal, and oriented in all three spheres. Her memory was in the low average range and her fund of general information was somewhat constricted. She was able to perform simple mental arithmetic, but did not have the concentration necessary for sequential computations. Ms. Person was unable to interpret proverbs and her reasoning was literal and concrete. As a result, Ms. Person's formal judgment was impaired."

(Id.).

The ALJ accorded "great weight" to this opinion, which she found was consistent with the objective medical evidence of record. (Tr. 24). To the Plaintiff's argument that the above diagnosis should have produced a more stringent RFC, the Magistrate Judge reasoned, "Such vague findings cannot be rigorously translated into the type of functional limitations that comprise the RFC." (R&R at 7).

Plaintiff does nothing to rebut the Magistrate Judge's finding that "nothing in Dr. Rudolph's report mandates a more restrictive RFC." (Id.). Indeed, Plaintiff has demonstrated no inconsistency between Dr. Rudolph's opinion and the ALJ's RFC, which recommends simple and routine work, not at production or pace. Though Plaintiff repeats the vocation expert's finding that no employer would tolerate absenteeism greater than one day per month or off-task time greater than 15%, Plaintiff draws no connection between those requirements and Dr. Rudolph's opinion.

Dr. Morrow's Report

The Plaintiff next argues that the ALJ's RFC failed to incorporate the limitations noted by Dr. Morrow, the state agency reviewing psychologist. Dr.

Morrow found that Ms. Person had "moderate limitations" as to the following capacities.

- Maintain attention and concentration for extended periods;
- Sustain an ordinary routine without special supervision;
- Make simple work-related decisions;
- Interact appropriately with the general public;
- Accept instructions;
- Respond appropriately to changes in the work setting;
- Set realistic goals; [and]
- Make plans independently of others.

(Tr. 88-89).

Far from ignoring these limitations, the ALJ referenced Ms. Person's limited capacity for planning, conceptual thinking, maintaining attention, and interacting with others when crafting her RFC. "Due to the claimant's mental impairments, the undersigned finds the claimant restricted to simple routine, and repetitive tasks in a low stress environment with above stated social limitations." (Tr. 24).

Indeed, the ALJ crafted a more stringent RFC than Dr. Morrow recommended. Dr. Morrow, in her Personalized Disability Explanation, advised.

> "Your condition results in some limitations in your ability to perform work related activities. However, these limitations do not prevent you from performing work you have done in the past…We have determined that your condition is not severe enough to keep you from working."

(Tr. 90).

The ALJ's RFC, however, placed greater limitations on Ms. Person's capacities, citing the hearing testimony. As a result, the ALJ ruled that Ms. Person is unable to

Morrow found that Ms. Person had "moderate limitations" as to the following capacities.

- Maintain attention and concentration for extended periods;
- Sustain an ordinary routine without special supervision;
- Make simple work-related decisions;
- Interact appropriately with the general public;
- Accept instructions;
- Respond appropriately to changes in the work setting;
- Set realistic goals; [and]
- Make plans independently of others.

(Tr. 88-89).

Far from ignoring these limitations, the ALJ referenced Ms. Person's limited capacity for planning, conceptual thinking, maintaining attention, and interacting with others when crafting her RFC. "Due to the claimant's mental impairments, the undersigned finds the claimant restricted to simple routine, and repetitive tasks in a low stress environment with above stated social limitations." (Tr. 24).

Indeed, the ALJ crafted a more stringent RFC than Dr. Morrow recommended. Dr. Morrow, in her Personalized Disability Explanation, advised.

> "Your condition results in some limitations in your ability to perform work related activities. However, these limitations do not prevent you from performing work you have done in the past…We have determined that your condition is not severe enough to keep you from working."

(Tr. 90).

The ALJ's RFC, however, placed greater limitations on Ms. Person's capacities, citing the hearing testimony. As a result, the ALJ ruled that Ms. Person is unable to

perform her past work as a security guard. (Tr. 26). The ALJ provided a Vocational Expert with Plaintiff's age, education, work experience, and RFC, and that expert testified that there were at least three categories of jobs that Ms. Person could perform, even with her limitations. (Tr. 27). Those jobs were cleaner, floor cleaner, and laundry worker. (Id.).

## Conclusion

The ALJ based her RFC on substantial evidence from the record. Plaintiff's objections that the RFC neglected her moderate mental limitations as described by Dr. Rudolph and Dr. Morrow are without merit.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation [14] is **ADOPTED** and, except as otherwise noted, entered as the conclusions and findings of the Court. Plaintiff's Objections to the R&R [15] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [13] is **GRANTED**. Plaintiff's Motion for Summary Judgment [11] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: January 8, 2019　　　　　　　Senior United States District Judge